UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVE McCRAY,

v.  Case No. 3:06-cr-336-J-33MCR
 3:08-cv-745-J-33MCR

UNITED STATES OF AMERICA.

## **O R D E R**

This cause is before the Court on Defendant Steve McCray's timely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. He is proceeding on his amended motion to vacate (hereinafter "motion to vacate" or "motion"). (Doc. cv-9; cr-61). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

### **PROCEDURAL HISTORY**

On October 11, 2006, McCray was named in a one-count Indictment charging him with distribution of fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. cr-1). On November 30, 2006, McCray entered a plea of guilty to the Indictment, pursuant to a written plea agreement. (Doc. cr-28). On March 10, 2007, McCray was sentenced to 120 months imprisonment. (Doc. cr-39). Pursuant to the terms of the plea agreement, no direct appeal was filed.

On January 22, 2008, McCray filed a *pro se* "Motion for Ineffective Assistance of

Counsel, and Evidentiary Hearing Requested to Determine the Facts" with an accompanying memorandum of law, essentially seeking guidance on how to move for resentencing pursuant to the retroactive treatment of sentencing guidelines Amendment 706 relating to crack cocaine. (Docs. cr- 42, 43). The Court appointed counsel for McCray and counsel filed a motion to extend time to file a response to the corresponding report prepared by the United States' Probation Office. (Doc. cr-45, 48). The Court opened a civil file for the previously filed *pro se* motion and ordered the United States to respond. (Doc. cr-50).

The United States construed McCray's *pro se* motion as one filed under 28 U.S.C. § 2255, and moved to dismiss McCray's motion on the basis of his previous waiver of collateral appeal, a condition of his plea agreement. (Doc. cr-58). On October 6, 2008, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the Court notified McCray that it was construing his motion under section 2255, and ordered him to amend his motion to "include all of Defendant's grounds for relief; it should not refer to the original motion." The Court stated that the United States' initial motion to dismiss was therefore "moot." *See Case No. 3:08-cv- 745-J-33MCR* at Doc. cv-8). On November 10, 2008, McCray timely filed his amended 28 U.S.C. § 2255 motion to vacate. (Doc. cr-61; cv-9).

## WAIVER

As part of his plea agreement, McCray expressly waived the right to appeal his sentence directly or collaterally, on any ground, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines. (Doc. cr-28 at 10). During the change of plea hearing, the Magistrate Judge reviewed the sentence appeal waiver and confirmed that

2

McCray understood the consequences of that waiver:

THE COURT: There's also an appeal of sentence waiver on page 10, paragraph 5 which reads, Mr. McCray, that you agree that this Court has jurisdiction and authority to impose an sentence up to the statutory maximum, and you expressly waive your right to appeal this sentence or to challenge it collaterally on any ground, including the ground that the Court may have erred in determining your applicable guideline range pursuant to the guidelines, except, A, on the ground that the Court – that the sentence exceeds your applicable guideline range as determined by the Court pursuant to the guidelines; or, B, on the ground that the sentence exceeds the statutory maximum penalty which we discussed earlier; or, C, on the ground that the sentence violates the Eighth Amendment to the constitution.

However, Mr. McCray, if the government exercises its right to appeal, then you are released from this waiver and you can also appeal pursuant to 3742 of Title 18.

So let me ask you this, Mr. McCray, did anyone force you, threaten you, or coerce you in any way to get you to waive your right to appeal?

DEFENDANT: No, sir.

THE COURT: All right. So you're doing so voluntarily?

DEFENDANT: Yes, sir.

THE COURT: Any questions about anything we've covered in your plea agreement?

DEFENDANT: No, sir.

(Doc. cr-56 at 22 - 23).

**DISCUSSION**

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.) (enforcing plea-agreement waiver provision that "preclude[d] a § 2255 claim based on ineffective assistance at sentencing"). For this Court to enforce such a waiver, the United States need only demonstrate either (1) that the district court specifically questioned McCray concerning the waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that McCray otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (direct appeal waiver).

In this case, McCray expressly waived his right to appeal his sentence "directly or collaterally, on any ground . . . except (1) the ground that the sentence exceeds McCray's applicable guideline range as determined by the court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution." (Doc. cr-28 at 10). Furthermore, McCray confirmed at his change-of-plea hearing that he understood the waiver, and he knowingly and voluntarily waived his right to collaterally challenge his sentence. (Doc. cr-56 at 22). Therefore, he may not collaterally challenge his sentence, as he purports to do in the present motion to vacate.

Moreover, McCray's plea-agreement waiver encompasses a waiver to challenge his sentence based on *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir.) (holding, based on appeal waiver and other provisions identical to those in plea agreement in this case, that defendant had "waived any

*Apprendi/Blakely/Booker* claim"); *see also United States v. Frye*, 402 F.3d 1123, 1129 (11th Cir.) (defendant's argument on appeal, "that the district court erroneously enhanced his sentence using mandatory sentencing guidelines," "should be dismissed because it is within the scope of the sentence appeal waiver").

Indeed, for this Court to entertain the issue that McCray raises in this collateral attack would permit a challenge in contravention of the plain meaning of his plea agreement and deny the United States the benefit for which it bargained. *See Buchanan,* 131 F.3d at 1008; *see also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) (because defendant exchanged his right to appeal for prosecutorial concessions "he cannot have his cake and eat it too"). Here, McCray admitted his guilt and agreed not to collaterally attack his sentence in exchange for the United States' agreement to, among other things, recommend a three-level downward adjustment for acceptance of responsibility and consider any substantial assistance that he may have provided. See (Doc. cr-28 at pages 3 - 4). Consequently, McCray should not be permitted to circumvent the unambiguous terms of his plea agreement.

## FACTUAL ALLEGATIONS

Even if McCray's waiver is insufficient to preclude section 2255 review, his claims must be denied for the following reasons. Title 28, United States Code, Section 2255, allows attack on a conviction and sentence on only four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice

warrant relief on collateral attack. *E.g., United States v. Addonizio*, 442 U.S. 178, 184-86 (1979). McCray does not meet this standard.

McCray seeks review of his sentence, claiming that he was denied his Sixth Amendment right to effective assistance of counsel. Ineffective assistance of counsel claims are generally reviewable only on collateral attack, pursuant to 28 U.S.C. § 2255. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Claims of ineffective assistance excuse failure to raise other claims if ineffective assistance of counsel is the cause for the failure to raise the claim. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). To prevail on a claim of ineffective assistance of counsel, a defendant must meet the "cause" and "prejudice" requirements established by *Strickland v. Washington*, 466 U.S. 668 (1984). That is, Warren must show (1) that his counsel's representation was deficient, and (2) that this deficient representation prejudiced Warren. *Strickland v. Washington*, 466 U.S. at 687; *see also Baxter v. Thomas*, 45 F.3d 1501, 1512 (11th Cir. 1995). A court need not address both components of the inquiry if Warren makes an insufficient showing on one component. *Id.*; *see also Weeks v. Jones*, 26 F.3d 1030,1037 (11th Cir. 1994).

In determining whether the first portion of the test has been met, the proper standard is "reasonably effective assistance[,]" or "whether counsel's representation fell below an objective standard of reasonableness." *Weeks v. Jones*, 26 F.3d at 1036. Application of this standard requires that judicial scrutiny of counsel's performance be highly deferential; a court must indulge a strong presumption that counsel's conduct falls within the wide range

6

of reasonable professional assistance. *Id.*

Even if the court finds some deficiency in the performance of counsel, a defendant is not entitled to relief on ineffective assistance grounds unless the second prong of the *Strickland* test is met. *United States v. Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985). Under the second prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When a defendant fails to make a sufficient showing of prejudice, this Court need not even address the adequacy of counsel's performance. *Strickland*, 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Finally, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Weeks v. Jones*, 26 F.3d at 1036; *Diaz v. United States*, 930 F.2d 832 (11th Cir. 1991). A court must examine the "totality of the circumstances" in determining whether the counsel a defendant received was constitutionally sufficient and effective. *McCoy v. Newsome*, 953 F.2d 1252, 1263 (11th Cir. 1992).

McCray claims that counsel was ineffective for failing to investigate properly his criminal history (Ground One), and for failing to argue for a downward departure below the mandatory minimum (Ground Two). Both of these claims are predicated on McCray's allegation that his criminal history was erroneously "overrepresented." He claims that counsel's ineffective plea negotiations actually render his plea invalid. The record, however,

negates these claims.

McCray claims that counsel provided ineffective assistance when he failed to investigate a prior state conviction, the inclusion of which caused him to be ineligible for relief under the safety valve. He claims that the record shows that he was assessed four criminal history points for three prior convictions without counsel's requiring the government to "produce a sufficiently reliable record of conviction." (Doc. cv-10 at 7; cr-62 at 7 [McCray's Memorandum]). It appears that McCray believes that had counsel challenged his three prior convictions, the government would have been required to prove or further validate these convictions.

McCray's argument overlooks the undisturbed holding in *Almendarez- Torres v. United States*, 523 U.S. 224 (1998), which establishes that the government need not charge nor prove prior convictions beyond a reasonable doubt, even for purposes of enhancing a sentence. *See also United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004). In this case, McCray's *unenhanced* guidelines range of imprisonment was 108-135 months. PSR at ¶51. The "enhancement" in his case was the imposition of a 120-month minimum mandatory sentence pursuant to the *statute of conviction*, a minimum sentence of which McCray was well aware when he entered his guilty plea. (Doc. cr-28 at 1; Doc. cr-56 at 16).

Contrary to McCray's argument, the Court would not have "likely" ignored the three prior convictions in order to apply the safety valve provisions and reduced McCray's sentence below the statutory minimum. In fact, the sentencing court specifically stated that it was "satisfied that the agreement adequately reflects the seriousness of the actual offense behavior and that accepting the plea agreement will not undermine the statutory

purpose of sentencing." (Doc. cr-63 at 14). In other words, McCray's criminal conduct in the instant offense, and not his prior criminal conduct "drove his sentence."

Therefore, McCray cannot show that counsel was ineffective for failing to investigate or challenge the validity of McCray's prior convictions. For this same reason, McCray cannot establish that counsel was ineffective for failing to argue that McCray's criminal history was over-represented, because McCray cannot establish any resulting prejudice. Even without his prior convictions, McCray would still have been sentenced, pursuant to the applicable statute, to at least ten years imprisonment.

Likewise, for the reasons stated herein, McCray cannot show that counsel's representation renders his plea invalid. As stated above, McCray knew that he was facing a statutory minimum sentence of ten years up to life imprisonment, *before* he entered his plea of guilty. He received the lowest sentence he could receive on the charge to which he pled. He cannot show that his knowing plea was invalid due to counsel's performance, and this claim must be denied.

## CONCLUSION

The record conclusively shows that McCray knowingly and voluntarily waived collateral review as a condition of his plea agreement with the United States. Even absent this waiver, the record conclusively negates each of his claims of ineffective assistance of counsel, because McCray has failed to show any resulting prejudice. McCray's objection [in opposition] to the government's response (Doc. cv-14) is not persuasive.

Accordingly, the Court orders:

That McCray's motion to vacate (Doc. cv-9; cr-61) is denied. The Clerk is directed to enter judgment for the government in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 24, 2009.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Andrew Tysen Duva
Steve McCray